A new commission was ordered to be issued; to be directed to the same commissioners.

*Elisha Bedell* v. *Mott Bedell.* O. L. BARBOUR, for complainant; J. RHOADES, for defendant. Motion to take demurrer of the defendant, from the files of the court. Under a stipulation signed by the complainant's solicitor giving to the defendant forty days further time to *answer* the bill of complaint, the defendant's solicitor put in a general demurrer to the bill. The complainant's solicitor returned the copy served on him; insisting that under the terms of the stipulation the defendant had no right to file any thing but an answer. It was also insisted on the argument, that the demurrer was frivolous.

The chancellor said that although it is settled that a defendant cannot put in a demurrer without special leave, after having obtained an order for further time to answer, yet that this principle has never been applied to the case of an extension of the time by the stipulation of the complainant's solicitor. And that it is not necessary the principle should be thus applied; as the party granting an extension of time has it always in his power to prevent the putting in of a demurrer after the time is extended, by making it a part of the stipulation that the defendant shall not demur.

*Under a stipulation extending time to answer, Def'nt may demur.*

But considering the demurrer in this case clearly *frivolous*, the court granted the motion to take the same from the files, with ten dollars costs.

*But if demurrer is frivolous it will be taken off the files.*

*Charles Partridge* v. *William Menck et al.* S. M. WOODRUFF & M. T. REYNOLDS, for appellant; EDWARD SANDFORD, for respondent. Appeal from an order of the vice chancellor of the first circuit dissolving an injunction. The chancellor decided that since the decision of this court in the case of *Taylor* v. *Carpenter*(*) which was recently affirmed by the court of errors, there was no doubt of the power of the court of chancery to interfere by injunction, to prevent the pirating of trade marks.

*Jurisdiction to restrain the using or simulating of complainant's trade marks.*

That the question in such cases is not whether the complainant was the original inventor or proprietor of the article made by him and upon which he now puts his trade marks; or whether the article made and sold by the defendant under the complainant's trade

(*)In chancery, Dec. 3. 1844. See Chancery Sentinel vol. 4 p. 68.